IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ENRIQUE I. RUIZ-GERENA<br><br>Plaintiff<br><br>vs<br><br>STATE INSURANCE FUND CORPORATION; ZOIME ALVAREZ-RUBIO, in her individual and official capacity as Administrator of the State Insurance Fund Corporation; ROBERTO MARTINEZ-SUAREZ, in his individual and official capacity as Executive Assistant to the Administrator of the State Insurance Fund Corporation; OMAR JIMENEZ-VALLE, in his individual and official capacity as Acting Executive Director, Mayagüez Area of the State Insurance Fund Corporation; ISAAC VELAZQUEZ-SOTO, in his individual and official capacity as Deputy Executive Director, Mayagüez Area of the State Insurance Fund Corporation; RODOLFO HENRIQUEZ-TORO, in his individual and official capacity as Special Assistant to the Administrator of the State Insurance Fund Corporation<br><br>Defendants | CIVIL 12-1444CCC |

**OPINION AND ORDER**

Plaintiff Enrique Ruiz-Gerena, an employee of the State Insurance Fund Corporation of the Commonwealth of Puerto Rico (SIFC), filed this 42 U.S.C. § 1983 action claiming that defendants took adverse employment actions against him solely because of his political affiliation and beliefs. At paragraph 70 of his Complaint (docket entry 1), he avers that "the political discrimination perpetrated in this case goes beyond any individual capacities of defendants, thus defendant SIFC has institutionalized a discrimination and intolerance policy geared to punish Plaintiff solely because of his perceived political beliefs." At paragraph 73 he alleges that all the defendants promoted or tacitly allowed "adverse employment actions . . . against him on the sole basis of his known political affiliation of the Executive Board of the NPP SIFC Employees Committee and his political beliefs." This allegation is

CIVIL 12-1444CCC                                      2

repeated at paragraphs 77 and 78 of the First Cause of Action and in the supplemental claims brought under Commonwealth law in which he seeks, at paragraph 83, injunctive relief in the form of a prohibition that defendants "affect his employment in the future because of his political affiliation and beliefs."

Although defendants have filed three motions to dismiss --docket entry 13 for failure to state a claim, docket entry 14 based on Eleventh Amendment immunity and docket entry 15 by defendants in their personal capacities which raises a qualified immunity defense, this Order will address only docket entry 13, opposed by plaintiff at docket entry 19. This first dismissal motion correctly raises that none of the allegations of the Complaint establish a cause of action for violation of plaintiff's First Amendment rights based on political discrimination.

We start by considering the basic factual allegations of the June 6, 2012 Complaint. Plaintiff Ruiz-Gerena describes himself at paragraph 3 as a "lifelong member of the New Progressive Party (NPP)" who "at all relevant times . . . has been a very open member of the NPP SIFC Employees Committee formed by NPP affiliates that work for the State Insurance Corporation (SIFC) and is a member of the Executive Board of this Committee as Director of Public Relations."  He further contends at paragraphs 4 and 5 that he has actively participated in NPP meetings and elections campaigns, that "all defendants are fully aware of his political affiliation and his active participation in the Executive Board of the Committee," and have "accused him, without evidence, of . . . revealing privileged and/or politically sensitive information to the media because of his participation in the Committee and open differences with defendant Alvarez-Rubio and other SIFC employees affiliated to the NPP but not to the Executive Board of the Committee."  At  paragraph 30, he defines what the NPP SIFC Employees Committee is, describing it as a committee "formed by NPP affiliates that work for SIFC" and as a political organization "made up of SIFC employees who are members of the NPP with the objective of supporting this political party after

CIVIL 12-1444CCC                             3

working hours and outside the premises of the Corporation's offices." Defendant Zoime Alvarez-Rubio (Alvarez) was appointed administrator of the SIFC during the NPP administration following the 2008 general election and she, as well as all other individual defendants, are active members of the NPP. See allegations 13, 16, 19, 22, 25. Although all the individual defendants are admittedly active NPP members, plaintiff adds, as to each, "but not a member of the Executive Board of the NPP SIFC Employees Committee."

The plaintiff's claim of political discrimination against all defendants turns completely on two events. The first event was the election of Zaida Ruiz as President of the Executive Board of the Committee at some unspecified time, despite Administrator Alvarez having requested that her closest collaborator and adviser, co-defendant Roberto Martínez-Suárez, be elected to that position. The second incident is related to a recording of expressions made by Alvarez at a meeting in July 2010 of the Executive Board of the NPP SIFC Employees Committee at a San Juan restaurant regarding her offering tickets to SIFC "service providers, contractors and entrusted personnel . . . as political contributions for the Republican Party in Puerto Rico." See paragraph 36 of the Complaint. At paragraphs 37, 38 and 39, plaintiff indicates that those expressions were somehow recorded and eventually broadcasted by a local news radio station in March 2011; that in August 2010 Alvarez learned of the July 2010 recording: that defendant Martínez, executive assistant to Alvarez (see paragraph 14) told plaintiff that he was no longer trusted, that Alvarez suspected he was responsible for the recording and was going to be removed from his position. Plaintiff points to Alvarez herself, at paragraph 40, as having told him on September 24, 2010 "that she did not trust the members of the Executive Board of the NPP SIFC Employees Committee" and that on such date she notified him by letter of his removal as her special assistant and his transfer to the SIFC Mayaguez Regional Office as an Administrative Officer I. See paragraph 40. Allegation 41 is a conclusory allegation that Alvarez' action of transferring plaintiff based on her "belief that he recorded the July 2010

CIVIL 12-1444CCC                                        4

Executive Board meeting of the Committee" was motivated by political discrimination on her part.  The allegations against remaining defendants Isaac Velázquez-Soto (Velázquez), Rodolfo Henríquez-Toro (Henríquez), Omar Jiménez-Valle (Jiménez) and Roberto Martínez-Suárez (Martínez), are all spin-offs of the recording of Alvarez' statements during the July 2010 Executive Board meeting of the Committee which led to his transfer. Defendant Velázquez, Deputy Executive Director of the SIFC Mayaguez Regional Office, told plaintiff that he was "considered by the Administrator as a 'traitor' and 'disloyal employee' and that Alvarez was convinced that he was the one who recorded her conversation during the July 2010 meeting of the Executive Board of the Committee" (paragraph 43); that "since September 2010 to present, Velázquez . . . continuously tells him during working hours that he now works in the SIFC Mayaguez Regional Office because he is a 'traitor' and 'disloyal employee' in clear reference to the Administrator's perception of him as the one who recorded the July 2010 Executive Board meeting of the Committee (paragraph 45).  The allegations against Henriquez regarding harassment are similar to those against Velázquez:  "[f]rom November 2011 to the present, Henriquez has harassed plaintiff by continuously telling him that he is a 'traitor' and that he is not trusted by anyone because he made a recording of Alvarez in the 2010 Executive Board meeting of the Committee and sent it to the media" (paragraph 47); that Henriquez "continuously . . . tells him that he would stay in the Mayagüez Regional Office for betraying Alvarez" (paragraph 48).  At paragraph 56, plaintiff alleges that Henríquez approached him in his work area at the Mayagüez Regional Office to tell him that he was angry with the employee who betrayed Alvarez by recording her conversation during the July 2010 Executive Board meeting of the Committee and again used the word "traitor." Jiménez, according to plaintiff's allegation 50, has been aware and tolerated the behavior of Velázquez and Henríquez. Martínez, the closest advisor to Alvarez, and her Executive Assistant, approached plaintiff on December 20, 2011 at the Mayagüez Regional Office and also stated that he "would

CIVIL 12-1444CCC                          5

spend the remaining part of his four-year term in Mayaguez for betraying the Administrator." See allegation 55.

Plaintiff alleges that he has been denied job promotions because of his political views and beliefs, which are allegedly "perceived to be contrary to those of defendants including Alvarez." See allegation 58.

Against this factual backdrop, we reach the dismissal motion filed by all plaintiffs for failure to state a claim (**docket entry 13**). They contend that the allegations of the complaint do not point to any causal connection between the adverse employment actions claimed by plaintiff and his political affiliation. Citing different allegations of the complaint, defendants state that plaintiff and the defendants are all affiliated to the NPP and that his case does not fit into any intra-party political discrimination such as that recognized by the Court in Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 75-76 (1st Cir. 2000). There, the Court concluded that Padilla-García had met the threshold by establishing a direct causal link between her association with and campaign for a rival faction of the Popular Democratic Party and the non-renewal of her employment with the municipality of Mayagüez. The Court advanced that "factions within one party can represent different political philosophies," referring to the competing rival factions which in that case met head-on during a primary in which Padilla-García supported the former Mayor who was defeated by defendant Rodríguez. The Court reviewed, at page 76, note 6, the relevant case law applying the Elrod-Branti doctrine in the context of primary elections and competing factions of one same party, thereby extending that doctrine beyond the opposing political party situations to situations in which the employment decisions are based upon support and loyalty to individual politicians, as was the case in Padilla-García. In Rodríguez-Rodríguez v. Muñoz-Muñoz, 808 F.2d 138, 143-145 (1st Cir. 1986), the Court noted at note 8 that "the Supreme Court in Elrod v. Burns acknowledged that partisanship may involve more than simply a pledge of allegiance to a particular party, but may involve working for or contributing

CIVIL 12-1444CCC                               6

to a particular candidate. 427 U.S. 347, 355-56, 363 n. 17 (1976)." The particular intra-party conflict in Rodríguez-Rodríguez involved a plaintiff, discharged from his position as Regional Director of a government agency by his supervisor Muñoz-Muñoz, who knew about plaintiff's political ambitions as a potential NPP candidate for Mayor of Las Piedras, and tried to pressure him to abandon his plans to run in a NPP primary against the incumbent NPP Mayor supported by Muñoz-Muñoz. The Court summed up the political discrimination violation based on political activity rather than political affiliation noting that "the same category of employees who, under Elrod-Branti, are properly open to discharge because of their political affiliation are likewise open to discharge because of political activities they may engage in, such as running for office as rivals to persons backed by their supervisors." Id., at p. 145 (emphasis in original).

It is undisputed that the Elrod-Branti doctrine applies to employment decisions based upon party affiliation as well as to those based upon support to a particular candidate or competing same-party factions. Plaintiff raises for the first time, as an argument in opposition to dismissal, that "even though codefendants were also members of the NPP, all of them were clearly in a philosophical and power struggle stemming from different political views within the NPP." Opposition (docket entry 19), at p. 8. He adds that this was particularly so "among NPP followers that were SIFC employees and members of the Executive Board of this Committee and those who were not." Id. He claims that such philosophical and power struggle between those who were NPP followers who were SIFC employees and also members of the Executive Board of the NPP SIFC Employees Committee and those who were not members of the Executive Board of such Committee was clearly stated in the complaint. The split which plaintiff conclusorily claims between NPP members of the Executive Board of the Committee and NPP members who did not belong to the Executive Board of the Committee at the SIFC, such as defendants, regarding

CIVIL 12-1444CCC                              7

philosophical and power struggles stemming from differing political views, is asserted in a factual vacuum.

As stated before, the factual allegations of the Complaint which ultimately led to the employment decisions made against plaintiff are related to the NPP SIFC Employees Committee only tangentially. The election as president of the Executive Board of such Committee in the year 2010 of a person other than the one requested by defendant Alvarez led Alvarez, according to paragraphs 34 and 40, to distrust the members of the Executive Board of the Committee. Among those members was plaintiff, who was the Director of Public Relations of the Executive Board of the NPP SIFC Employees Committee and who held the position at the SIFC of special assistant to its Administrator, defendant Alvarez. Compounding the alleged distrust is the other incident of the recording of Alvarez' statements on political contributions for the Republican Party in Puerto Rico at a meeting of the executive board of the Committee which Alvarez suspected had been done by plaintiff.

Neither the election of a president of the Committee other than the one requested by Administrator Alvarez, nor the recording of Alvarez' statements perceived by her to have been done by plaintiff, lend factual support to a claim, as now argued, of existing factions within the NPP which represented different political philosophies engaged in a power struggle between NPP SIFC employees who were members of the Committee and NPP employees or officials (such as defendants) who were not. We concede that plaintiff's allegations are clear. However, those allegations assert only that he had personal differences with SIFC Administrator Alvarez because her choice for president of the Executive Board was not followed and because plaintiff was believed to have recorded her statements during the Executive Board meeting of July 2010. Plaintiff and defendants are all NPP members. He does not allege that the lack of trust by any of the defendants stems from anything other that these very distinct personal situations regarding the choice of

CIVIL 12-1444CCC                              8

president and the recording.  There are no allegations of differing political views between plaintiff and any of the defendants, or different political philosophies as he now claims.  The only conflict alleged is the lack of trust stemming not from political activity or affiliation or views of plaintiff which differed from those of defendants, but from the two incidents described which led defendant Alvarez and the remaining defendants by acquiescence to consider plaintiff a person who had betrayed their trust, particularly because of the recording incident.

In sum, plaintiff has not asserted any acts of discrimination against him on the basis of his political beliefs or political activities nor for his affiliation to a party for supporting a rival faction or competing candidate, which would state a claim under the First Amendment.  The Motion to Dismiss (**docket entry 13**) is GRANTED as to plaintiff's 42 U.S.C. § 1983 claim for plaintiff has not stated any cause of action pursuant to the First Amendment based on political discrimination.  The Court having dismissed the only federal claim asserted by plaintiff in his Complaint, his supplemental claims are also DISMISSED, without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on February 27, 2013.


                                                                        S/CARMEN CONSUELO CEREZO
                                                                        United States District Judge